1  RONALD J. HOLLAND (SBN 148687)
   ron.holland@gtlaw.com
2  GREENBERG TRAURIG, LLP
   101 Second Street, Suite 2200
3  San Francisco, CA 94105
   Tel: (415) 655-1300
4  Fax: (415) 707-2010

5  RYAN C. BYKERK (SBN 274534)
   ryan.bykerk@gtlaw.com
6  GREENBERG TRAURIG, LLP
   18565 Jamboree Road, Suite 500
7  Irvine, CA 92612
   Tel: (949) 732-6500
8  Fax: (949) 732-6501

9  JONATHAN A. SCHAUB (SBN 298892)
   jonathan.schaub@gtlaw.com
10 GREENBERG TRAURIG, LLP
   1840 Century Park East, Suite 1900
11 Los Angeles, CA 90067
   Tel: (310) 586-7700
12 Fax: (310) 586-7800

13 Attorneys for Defendants
   DESTINATION XL GROUP, INC. and CASUAL MALE STORE, LLC
14

15            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                **FOR THE COUNTY OF SAN DIEGO**

17 ROSALINDA MARCHBANKS-POWELL, on          Case No. 24CU006636C
   behalf of herself and other current and former
18 employees,                                 [Assigned for all purposes to Hon. Carolyn M.
                                               Caietti, Dept. 70]
19              Plaintiff,
                                               **DEFENDANTS' ANSWER TO PLAINTIFF'S**
20 v.                                          **UNVERIFIED CLASS AND**
                                               **REPRESENTATIVE ACTION COMPLAINT**
21 DESTINATION XL GROUP, INC., a
   Delaware corporation; CASUAL MALE
22 STORE, LLC, a Delaware limited liability
   company; and DOES 1 through 50, inclusive,  Complaint Filed:    August 19, 2024
23                                              Trial Date:         None Set
                Defendants.
24

25

26

27

28

                                                           Case No. 24CU006636C
   DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS AND REPRESENTATIVE ACTION COMPLAINT

**TO THE COURT, PLAINTIFF ROSALINDA MARCHBANKS-POWELL, AND HER COUNSEL OF RECORD HEREIN:**

Defendants Destination XL Group, Inc. and Casual Male Store, LLC (together, "Defendants") hereby answer the unverified Complaint of Plaintiff Rosalinda Marchbanks-Powell ("Plaintiff") as follows:

### GENERAL DENIAL

In accordance with Section 431.30(d) of the California Code of Civil Procedure, Defendants hereby deny, generally and specifically, each and every allegation, statement, matter, and purported cause of action contained in Plaintiff's Complaint, and, without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff and other persons that Plaintiff seeks to represent are owed or have sustained damages or penalties in the amount allege or any amount whatsoever, and denies that Plaintiff and other employees Plaintiff seeks to represent are entitled to any legal relief of any kind against Defendants.

### AFFIRMATIVE AND OTHER DEFENSES

Without waiving or excusing the burden of proof on Plaintiff, or admitting that Defendants have any burden of proof, in further answer to Plaintiff's Complaint, and as separate and distinct affirmative and other defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.    As a separate and affirmative defense, Defendants allege that neither Plaintiff's Complaint nor any purported cause of action alleged therein states facts sufficient to state a cause of action against any Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.    As a separate and affirmative defense, Defendants allege that Plaintiff's claims and requests for relief are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to. California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, 343, and California Business and Professions Code section 17208.

/ / /

/ / /

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS AND REPRESENTATIVE ACTION COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

3.      As a separate and affirmative defense, Defendants allege that Plaintiff's claims, and the claims of any purported class members, if any, are barred, in whole or in part, because Plaintiff and the putative class members she purports to represent have not appropriately or adequately mitigated their alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

(Equitable Doctrines)

4.      As a separate and affirmative defense, Defendants allege that Plaintiff's claims and requests for relief are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

5.      As a separate and affirmative defense, Defendants allege that Plaintiff's claims and requests for relief are barred, in whole or in part, because Plaintiff has failed to timely and completely exhaust applicable and requisite administrative, statutory, and/or contractual remedies available to her or otherwise comply with procedural and notice requirements prescribed by applicable law prior to commencing this action, including but not limited to, failing to provide the Defendants and the Labor Workforce Development Agency ("LWDA") proper notification of the factual and legal claims and/or the names of the allegedly "aggrieved employee[s]" on whose behalf Plaintiff intends to seek penalties, pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA").

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Internal Remedies)

6.      As a separate and affirmative defense, Defendants allege that Plaintiff's claims, and the claim of any putative class members, if any, are barred because Plaintiff and/or any putative class members, if any, failed to exhaust their internal remedies.

/ / /

/ / /

Case No. 24CU006636C

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

(Offset)

7.     As a separate and affirmative defense, Defendants allege that Plaintiff's claims and requests for relief are barred, in whole or in part, to the extent that Plaintiff and other persons that Plaintiff seeks to represent received compensation in amounts greater than that to which they were entitled thus permitting any monetary recovery to be offset by those overpayments.

## EIGHTH AFFIRMATIVE DEFENSE

(Lawful Business Reasons and Good Faith)

8.     As a separate and affirmative defense, Defendant alleges that Plaintiff's claims, and the claims of any putative class members, if any, are barred because Defendants acted at all times on the basis of a good faith and reasonable belief that it has complied fully with California's wage and hour laws and all action taken with regard to Plaintiff and any putative class member, if any, were taken for lawful business reasons and in good faith.

## NINTH AFFIRMATIVE DEFENSE

(Act or Omission in Good Faith)

9.     As a separate and affirmative defense, Defendants allege that Plaintiff's claims and requests for relief are barred, in whole or in part, because without admitting that any violation took place, Defendants allege that any violation of the California Labor Code, Wage Order of the Industrial Welfare Commission, or of PAGA, was an act or omission made in good faith, and that in any participation in such acts, Defendants had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any Wage Order of the Industrial Welfare Commission.

## TENTH AFFIRMATIVE DEFENSE

(Release)

10.     As a separate and affirmative defense, Defendants allege that Plaintiff's claims and requests for relief are barred, in whole or in part, because Plaintiff and other persons that Plaintiff seeks to represent released the claims made in the operative pleading.

/ / /

/ / /

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS AND REPRESENTATIVE ACTION COMPLAINT

**ELEVENTH AFFIRMATIVE DEFENSE**

(Standing)

11.      As a separate and affirmative defense, Defendants allege that Plaintiff's claims and requests for relief are barred, in whole or in part, because Plaintiff and other persons that Plaintiff seeks to represent lack standing to bring all or a portion of their claims.

**TWELFTH AFFIRMATIVE DEFENSE**

(Error or Inadvertence / No Willfulness)

12.      As a separate and affirmative defense, Defendants allege that Plaintiff's claims and requests for relief are barred, in whole or in part, because pursuant to California Labor Code sections 203 and 226(e), any non-compliance was the result of clerical error or inadvertent mistake, and/or any non-compliance was not willful and/or knowing.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Substantial Compliance)

13.      As a separate and affirmative defense, Defendants allege that Plaintiff's claims and requests for relief are barred, in whole or in part, because Defendants substantially complied with Labor Code section 226.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Not "Aggrieved Employee")

14.      As a separate and affirmative defense, Defendants allege that Plaintiff's claims and requests for relief are barred, in whole or in part, because Plaintiff and/or any alleged aggrieved employees are not "aggrieved employees" pursuant to PAGA.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Manageability)

15.      As a separate and affirmative defense, Defendants allege that Plaintiff's claims and requests for relief are barred, in whole or in part, to the extent that the specific issues raised by the Complaint for such a large number of employees would result in an unmanageable series of mini-trials on individualized issues.

/ / /

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unjust Penalties)

16. As a separate and affirmative defense, Defendants allege that Plaintiff's claims and requests for relief are barred, in whole or in part, to the extent any or all penalties awarded against Defendants pursuant to PAGA would be unjust, arbitrary, oppressive, or confiscatory.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Penalties Excessive or Otherwise Unconstitutional)

17. As a separate and affirmative defense, Defendants allege that to the extent Plaintiff or any putative class members seek to recover penalties that are disproportionate to the actual harm suffered, if any, including but not limited to statutory penalties under Labor Code sections 203 and 226, an award of penalties under the circumstances of this case would constitute an excessive fine and would be barred in whole or in part by the Eighth and Fourteenth Amendments to the United States Constitution, as such damages constitute excessive fines, and/or are not authorized by the statute under which the claim is brought, and would be an unconstitutional denial of Defendants' rights to equal protection under both the United States and California Constitutions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Constitutionality)

18. As a separate and affirmative defense, Defendants allege that Plaintiff's claims and requests for relief are barred, in whole or in part, because the imposition of civil penalties pursuant to PAGA is unconstitutional under the California and United States Constitutions.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

19. As a separate and affirmative defense, Defendants allege that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel, to the extent Plaintiff and/or the current or former employees on whose behalf she brought the action have asserted the same claims in any prior legal or administrative proceeding and did not prevail on such claims.

/ / /

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

### (Due Process)

20.    As a separate and affirmative defense, Defendants allege that Plaintiff's purported claims, and class treatment of Plaintiff's purported claims, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights under both the United States and California Constitutions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Accord and Satisfaction/Release)

21.    As a separate and affirmative defense, Defendants allege that the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, pursuant to an accord and satisfaction, and/or is barred to the extent that Plaintiff and/or current or former employees on whose behalf she brought the action have entered into or are otherwise bound by compromise, settlement, or release agreements regarding those claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unauthorized Acts)

22.    As a separate and affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that each of Plaintiff's claims are barred, in whole or in part, to the extent that Defendants' employees or agents acted contrary to Defendants' express or generally understood policies and procedures, such that those actions were not authorized and were outside the scope of the employees' or agents' employment or agency and were not authorized, ratified, or condoned by Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Breach of Duty to Employer)

23.    As a separate and affirmative defense, Defendants allege that Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that each of Plaintiff's claims are barred by her own breach of duties owed to her employer under Labor Code sections 2854 and/or 2856 through 2859.

/ / /

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(No Injury)

24.     As a separate and affirmative defense, Defendants allege that Plaintiff's claims, and the claims of any purported class members, if any, are barred because Plaintiff and any purported class members, if any, have no legally cognizable injury.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Preemption)

25.     As a separate and affirmative defense, Defendants allege that Plaintiff's claims, and the claims of any purported class members, if any, are barred to the extent that they are preempted by federal law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Consent)

26.     As a separate and affirmative defense, Defendants allege that Plaintiff's claims, and the claims of any purported class members, if any, are barred because Plaintiff and any purported class members, if any, consented to and/or acquiesced in the alleged conduct by Defendants of which Plaintiff now complains.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Avoid Harm)

27.     As a separate and affirmative defense, Defendants allege that, at all times alleged in the Complaint, Defendants exercised reasonable care to prevent and correct any alleged unlawful conduct, and that Plaintiff and the putative class members, if any, unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Defendants or to otherwise avoid harm.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

28.     As a separate and affirmative defense, Defendants allege that Plaintiff's Complaint and each purported cause of action contained therein cannot be maintained and/or the damages recoverable by Plaintiff and/or the putative class members should be limited by virtue of the doctrine of avoidable consequences.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(*De Minimis*)

29.    As a separate and affirmative defense, Defendants allege that Plaintiff's claim, and the claims of any purported class members, if any, are barred because any such violations were *de minimis*, and ignoring the *de minimis* violation of the law, if any, Defendants complied with their obligations under the California Labor Code and/or wage and hour law.

## THIRTIETH AFFIRMATIVE DEFENSE

(Uncertainty – Conclusory Representative Allegations)

30.    As a separate and affirmative defense, Defendants allege that Plaintiff's claims and the claims of any purported class members, if any, are barred in whole or in part because the Complaint is uncertain in that the purported class representative allegations are conclusory.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Satisfy Requirements for Class Certification)

31.    As a separate and affirmative defense, Defendants allege that Plaintiff fails to satisfy the prerequisites for class certification, and therefore, cannot represent the interests of others as to the purported causes of action asserted in the Complaint. Among other things, the claims asserted by Plaintiff are matters in which individual questions predominate, are neither common to nor typical of the claims, if any, of the alleged class members Plaintiff purports to represent, class treatment is not the superior method for adjudicating this dispute, and Plaintiff is not an adequate representative of the purported class.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Proper Employer Response)

32.    As a separate and affirmative defense, Defendants allege that Plaintiff's Complaint and her purported claims cannot be maintained because, at all relevant times, Defendants took prompt and effective action in response to Plaintiff's workplace concerns and/or complaints (if any), thereby satisfying any legal obligation it had to either Plaintiff.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Primary Jurisdiction Doctrine)

33.    As a separate and affirmative defense, Defendants allege that Plaintiff's Complaint, and

1  each purported cause of action alleged therein, should be abated in the Court's discretion and Plaintiff

2  should be ordered to pursue her administrative remedies with the Labor Standards Enforcement and/or

3  Workforce Development Agency, which have primary jurisdiction over Plaintiff's claims.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Comparative Fault)

34.     As a separate and affirmative defense, Defendants allege that to the extent Plaintiff seeks to recover damages, penalties, or other costs that were proximately caused by or attributable in whole or in part to the acts of persons or entities other than Defendants, Defendants allege they have no responsibility or liability for any such damages, penalties, or costs.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

35.     As a separate and affirmative defense, Defendants allege that Plaintiff and/or members of the putative class are not entitled to equitable relief, including but not limited to declaratory or injunctive relief, because Plaintiff has adequate remedies at law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

36.     As a separate and affirmative defense, Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Meal and Rest Periods Were Provided)

37.     As a separate and affirmative defense, Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's Complaint is barred, in whole or in part, because at all relevant times, Defendants provided Plaintiff and members of the putative class with meal and rest breaks in compliance with *Brinker Restaurant Group v. Super. Ct.* (2012) 53 Cal. 4th 1004.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Failure to State a Claim for Attorneys' Fees and Costs)

38.     As a separate and affirmative defense, Defendants allege that the Complaint fails to state a

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    claim for attorneys' fees under California Labor Code section 1194, California Civil Code section 1021.5,

2    California Business and Professions Code section 17200 *et seq.*, or on any other basis.

3    ### THIRTY-NINTH AFFIRMATIVE DEFENSE

4    (Covid Tolling – Unconstitutionally Vague and Overbroad)

5    39.    As a separate and affirmative defense, Defendants allege Plaintiff's Complaint is barred, in

6    whole or in part, because Emergency Rule 9's extension of the statutory period under California Labor

7    Code section 2699 *et seq.* or any other Labor Code section is unconstitutionally vague and overbroad as

8    applied to the Complaint and the circumstances of this case.

9    ### FORTIETH AFFIRMATIVE DEFENSE

10    (Lack of Irreparable Injury)

11    40.    As a separate and affirmative defense, Defendants allege that Plaintiff and/or putative class

12    members, if any, are not entitled to injunctive relief, as Plaintiff and/or putative class members, I f any,

13    have not suffered any irreparable injury.

14    ### FORTY-FIRST AFFIRMATIVE DEFENSE

15    (Interest)

16    41.    As a separate and affirmative defense, Defendants allege that the Complaint fails to properly

17    state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently

18    certain to allow an award of prejudgment interest.

19    ### FORTY-SECOND AFFIRMATIVE DEFENSE

20    (Reservation of Rights)

21    42.    As a separate and affirmative defense, Defendants allege that they have not knowingly or

22    intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on other

23    applicable affirmative defenses as may later become available or apparent. Defendants further reserve the

24    right to amend their Answer and/or affirmative defenses accordingly and/or to delete affirmative defenses

25    that it determines are not applicable during the course of subsequent discovery. Nothing stated herein

26    constitutes a concession as to whether or not Defendants bear the burden of proof on any issue.

27    ### PRAYER

28    WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1.   That Plaintiff and all putative class members or alleged "aggrieved employees," if any, take nothing by reason of the Complaint;

2.   That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3.   That the Complaint be dismissed in its entirety with prejudice;

4.   That Plaintiff not be entitled to a jury trial regarding Plaintiff's PAGA claim pursuant to *LaFace v. Ralphs Grocery Co.*, 75 Cal. App. 5th 388 (2022) and *Nationwide Biweekly Administration, Inc. v. Super. Ct.*, 9 Cal. 5th 279 (2020);

5.   That Defendants be awarded their costs of suit and reasonable attorneys' fees according to proof to the extent permitted under applicable law; and

6.   For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  September 27, 2024             **GREENBERG TRAURIG, LLP**


By */s/ Ronald J. Holland*
Ronald J. Holland
Ryan C. Bykerk
Jonathan A. Schaub
Attorneys for Defendants
DESTINATION XL GROUP, INC. and
CASUAL MALE STORE, LLC

Case No. 24CU006636C
DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS AND REPRESENTATIVE ACTION COMPLAINT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:**

    I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles, California 90067-2121 and email address is debi.delgrande@gtlaw.com**.**

    On September 27, 2024, I served the following document: **DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS AND REPRESENTATIVE ACTION COMPLAINT** on the interested parties in this action addressed as follows:

KENNETH H.YOON
STEPHANIE E. YASUDA
YOON LAW, APC
751 N. Fair Oaks Ave., Suite 102
Pasadena, California 91103
Telephone: (213) 612-0988
Facsimile: (213) 947-1211
Em: ky.oon@yoonlaw.com
    syasuda@yoonlaw.com

☒    **[BY MAIL]**  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐    **[BY E-MAIL]**  By transmitting via e-mail the document(s) listed above to the addresses set forth below on this date. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on September 27, 2024, at Los Angeles, California.

                          */s/ Debi Del Grande*
                             Debi Del Grande

PROOF OF SERVICE